[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Regarding Termination of Parental Rights
On this date, this Court presided over a trial in the matter of In reJustin and Rachel W. Present in the courtroom were Assistant Attorney General Donald G. counsel for the Department of Children and Families, Hillary H. counsel for the mother, William K., counsel for the father, Jeffrey M. counsel for the minor child and Velda Padgett, social workers for the Department of Children and Families.
Mother and father were not present in court for any portion of the proceedings.
The testimony and exhibits that were introduced at this hearing provided the following procedural history. On June 3, 1999, the Superior Court for Juvenile Matters entered an order of temporary custody on behalf of Rachel and Justin W. The primary basis for action were allegations that the children's parents, David W. and Crystal P., both exposed the child to domestic violence, subjected the children to unsanitary living conditions and failed to provide appropriate supervision for the children. The order was confirmed and the child committed to the custody of the Department of the Children and Families on June 11, 1999. There have been a series of subsequent commitment extensions. The children have been placed in the different foster homes since that date. They currently reside together in a pre-adoptive foster home.
The Department has filed a petition for Termination of Parental Rights. The bases for the termination are failure to rehabilitate and acts of commission and omission which deprived the children of care, guidance and control. CT Page 4739
The State introduced the following exhibit:
Exhibit A: Social Study in Support of the Petition for Termination of Parental Rights dated August 1, 2000.
Based on the testimony and documentary evidence presented, this Court makes the following findings:
A: There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to locate both mother, Crystal P. and father, David W.
Although both parents were appropriately notified of the pending proceedings, neither chose to attend.
B. There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to reunify the children with their parents.
In the present case, the Department made reasonable efforts. However, because the parents have left the state and have not made themselves available to the court, the Department of Children and Families or their counsel, the efforts were not successful.
C. There is clear and convincing evidence that for at least one year the following has existed:
 (1) The parents have failed to achieve such degree of personal rehabilitation as would encourage the belief that with a reasonable time they could assume a responsible position in their children's lives; and
 (2) The actions of the parents were such that they deprived the children of care, guidance and control.
D. Termination is in the best interests of the children by clear and convincing evidence.
In arriving at this decision, the court has considered the following factors:
 1. The timeliness, nature and extent of services offered or provided to facilitate the reunion of children with parents. CT Page 4740
The Department of Children and Families was immediately available for this family, offering services in a variety of areas. Neither parent fully utilized any of these programs.
 2. The terms of any applicable court order, and the extent to which the parties have fulfilled their obligations under the order.
Neither parent has ever maintained consistent contact with the court or the Department of Children and Families. Neither sought regular visitation with their children; neither seriously inquired about the welfare of these children. In summary, they have ceased to acknowledge their children's existence. Furthermore, they failed to adhere to any of the court's expectations.
 3. Feelings and emotional ties of the children with respect to their parents and any person who exercised physical care, custody and control of the children for at least one year with whom the children have developed significant emotional ties.
Both Justin and Rachel were small children at the time they initially entered foster care placement. They are currently placed together in a therapeutic foster care home.
Neither parent has seen their children since January. Since then neither parent has contacted the Department of Children and Families to inquire about the welfare of the children. Neither has provided financial support. Neither has offered resources to their children. Neither has acknowledged the special anniversaries or holidays generally considered important by children.
The children have a strong attachment to their current foster home, where they have security and consistency.
4. Age of the Child
Justin W. is five years old. Rachel W. is four years old.
 4. Parents efforts to adjust their circumstances to make it in the best interests of the children to return them to their home in the foreseeable future, including the extent of parental contact or communication with the children's guardian or custodian.
To the knowledge of this court, neither parent has made any effort to accommodate the needs of the children. Indeed, their actions exacerbate the children's emotional and socialization problems. CT Page 4741
 5. Extent to which the parents has been prevented from maintaining a meaningful relationship with the children by unreasonable acts of the children, other parent or other person or economic circumstances.
Neither parent has been prevented from maintaining a meaningful relationship with the children. They merely chose not to exercise this right.
 6. Whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the federal Child Welfare Act of 1980.
The Department of Children and Families has made every reasonable effort to reunite this family. Unfortunately at the present time, termination of parental rights is in the best interests of the children.
The statutory parent for Rachel W. and Justin W. shall be the Commissioner of the Department of Children and Families. A case plan must be filed on or before May 4, 2001.
Julia DiCocco Dewey, Judge